IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND, #A6026839,<br><br>             Plaintiff,<br><br>     vs.<br><br>JERMAINE LEWIS,<br><br>             Defendant. | CIVIL NO. 23-00023 DKW-RT<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is pro se Plaintiff Rocky Hermanns-Raymond's Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. In the Complaint, Hermanns-Raymond alleges that Defendant Jermaine Lewis, a police officer with the Maui Police Department, used excessive force while arresting him on an unspecified date. *Id.* at 5–6. After screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the Complaint, albeit with partial leave to amend. If Hermanns-Raymond wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before March 3, 2023. In the alternative, Hermanns-Raymond may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure

41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C.

§ 1915(g).[1]

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner complaints

filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or

seek damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  That is,

a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotation marks and citation omitted).  A claim is "plausible"

when the facts alleged support a reasonable inference that the plaintiff is entitled to

relief from a specific defendant for specific misconduct.  *See id.*

---

[1]Hermanns-Raymond has already accrued one strike.  *See Hermanns-Raymond v. Maui Cnty.*
*Corr. Ctr.*, Civ. No. 16-00502 LEK/KSC, 2016 WL 6986054, at *3 (D. Haw. Nov. 28, 2016).

2

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

Officer Lewis arrested Hermanns-Raymond on an unspecified date. ECF No. 1 at 5. During the arrest, Officer Lewis "repeatedly punched" Hermanns-Raymond while he was in a fetal position on the ground. *Id.* at 2, 5. The punches broke Hermanns-Raymond's "nose & ribs." *Id.* at 5.

Hermanns-Raymond commenced this suit by signing the Complaint on December 28, 2022. *Id.* at 8. Hermanns-Raymond alleges that Officer Lewis' use of force violated the Eighth Amendment (Count I) and the Fourth Amendment (Count II). *Id.* at 4–5. Hermanns-Raymond seeks damages totaling $230,000 and the cost of X-rays. *Id.* at 8. On February 1, 2023, the Court granted

---

[2]Hermanns-Raymond's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Hermanns-Raymond's Application to Proceed In Forma Pauperis by a Prisoner. *See* ECF Nos. 4, 5.

### III.  <u>DISCUSSION</u>

#### A.    **Rule 8**

As stated, screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6), *Rosati*, 791 F.3d at 1039.   Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a), *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).   Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

The Supreme Court has explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citations omitted).   "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citation omitted).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted) (brackets in original).

Here, Hermanns-Raymond alleges that Officer Lewis repeatedly punched him during an arrest, while Hermanns-Raymond was in a fetal position "surrendering" on the ground.  ECF No. 1 at 2, 5–6.  Hermanns-Raymond,

however, does not offer any other information about the incident.  He does not

state, for instance, when it occurred or where it occurred, he does not say who, if

anyone, witnessed it, whether he reported it contemporaneously, or the context in

which Officer Lewis encountered him.  Without at least some additional

information, the Complaint cannot proceed.  *See, e.g.*, *Carpenter v. Kienede*, Case

No. 22-cv-197-DKW-WRP, 2022 WL 1499993, at *2 (D. Haw. May 12, 2022)

(instructing plaintiff to state where and when alleged events occurred to satisfy

Rule 8); *McGinnis v. Halawa Corr. Facility*, Civil No. 20-00567 DKW-KJM, 2021

WL 115654, at *3 (D. Haw. Jan. 12, 2021) (concluding that pleading did not

satisfy Rule 8 because it did not state, among other things, when the complained-of

conduct occurred).

**B.**     **Legal Framework for Claims Under 42 U.S.C. § 1983[3]**

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a

right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a

connection or link between a defendant's actions and the plaintiff's alleged

deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v.*

---

[3]If Hermanns-Raymond chooses to file an amended pleading, he must consider the framework
and principles outlined herein.

*Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that she suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of her rights.

**C.**     **Official Capacity Claims**

Hermanns-Raymond states that he is suing Officer Lewis in both his individual and official capacities. ECF No. 1 at 1.

As the Supreme Court has explained, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. In other words, an "official capacity" claim against Officer Lewis is a claim against the entity that employs him.

In *Monell*, the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by

6

that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways. First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action. *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."). In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at

7

691 (internal quotation marks omitted).  Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants.  *City of Canton*, 489 U.S. at 388.  In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation.  *Id.* at 391; *Monell*, 436 U.S. at 694.

Hermanns-Raymond does not allege that Officer Lewis acted pursuant to a policy or a custom, or that the Maui Police Department failed to train Officer Lewis.  Thus, Hermanns-Raymond fails to state an official-capacity claim.  *See Finefeuiaki v. Maui Police Dep't*, Civ. No. 1:18-cv-00325 JAO-SC, 2018 WL 4839001, at *2–3 (D. Haw. Oct. 4, 2018) (dismissing claims against officers of the Maui Police Department in their official capacities).  Any official capacity claims are DISMISSED, but with leave to amend.

**D.** **Excessive Force**

Hermanns-Raymond alleges that Officer Lewis violated both the Eighth Amendment (Count I) and the Fourth Amendment (Count II) by using excessive force during Plaintiff's arrest.  ECF No. 1 at 4–5.

**1.** **Eighth Amendment**

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the

8

challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989).
"In most instances, that will be either the Fourth Amendment's prohibition against
unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and
unusual punishments, which are the two primary sources of constitutional
protection against physically abusive governmental conduct." *Id.*  The Supreme
Court has held that "*all* claims that law enforcement officers have used excessive
force—deadly or not—in the course of an arrest, investigatory stop, or other
'seizure' of a free citizen should be analyzed under the Fourth Amendment and its
'reasonableness' standard." *Id.* at 395.

Here, Hermanns-Raymond's claims are based on events that occurred during
his arrest.  Thus, the Fourth, not the Eighth, Amendment applies.  Hermanns-
Raymond's Eighth Amendment claim in Count I is therefore DISMISSED with
prejudice.

### 2.    Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and
seizures."  U.S. Const. amend. IV.    "[R]easonableness is always the touchstone of
Fourth Amendment analysis." *Birchfield v. North Dakota*, 579 U.S. 438, 477
(2016).

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *County of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation omitted) (brackets in original). "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

Here, Hermanns-Raymond does not provide any details regarding the circumstances of his arrest. He does not say approximately how many times Officer Lewis punched him. Nor does Hermanns-Raymond say if he posed a threat to anyone, if he resisted or attempted to evade arrest, if other officers or

persons were present, or the severity of the crime for which he was being arrested. *See Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) (noting that courts must consider "the type and amount of force inflicted," the severity of the crime at issue, whether the suspect poses an immediate threat, whether the suspect is actively resisting arrest or attempting to evade arrest).  If Hermanns-Raymond decides to file an amended pleading, he should consider providing additional factual detail in support of his Fourth Amendment claim.

## IV.   LEAVE TO AMEND

The Complaint is DISMISSED with partial leave to amend.  Hermanns-Raymond may file an amended pleading on or before March 3, 2023.  Hermanns-Raymond may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Hermanns-Raymond must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding

11

complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. <u>28 U.S.C. § 1915(g)</u>

If Hermanns-Raymond fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Hermanns-Raymond's Eighth Amendment claim is DISMISSED with prejudice. His other claims are DISMISSED with leave to amend.

(3) Hermanns-Raymond must file any amended pleading on or before March 3, 2023.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Hermanns-Raymond may incur a strike under 28 U.S.C. § 1915(g).

(5) ALTERNATIVELY, Hermanns-Raymond may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6) The Clerk is DIRECTED to send Hermanns-Raymond a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  February 6, 2023 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

Hermanns-Raymond v. Lewis; Civil No. 23-00023 DKW-RT; **ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**