IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND, #A6026839,<br><br>Plaintiff,<br><br>vs.<br><br>JERMAINE LEWIS; *et al.*,<br><br>Defendants. | CIVIL NO. 23-00023 DKW-RT<br><br>ORDER DISMISSING IN PART FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE |

Before the Court is pro se Plaintiff Rocky Hermanns-Raymond's First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 7. In the FAC, Hermanns-Raymond alleges that Defendant Jermaine Lewis, a police officer with the Maui Police Department ("MPD"), used excessive force during an arrest on September 27, 2022. *Id.* at 6–7. Hermanns-Raymond is suing Officer Lewis in both his individual and official capacities. *Id.* at 2. Hermanns-Raymond also names the MPD as a Defendant. *Id.* at 1. After screening the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court concludes that Hermanns-Raymond's excessive force claim against Officer Lewis in his individual capacity requires a response. Hermanns-Raymond's claims against Officer Lewis in his official capacity and the MPD are DISMISSED.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d

at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[1]

At approximately 6:00 a.m. on the morning of September 27, 2022, Hermanns-Raymond was standing at the intersection of Market and Vineyard Streets in Wailuku when multiple MPD vehicles arrived. ECF No. 1 at 6. An unidentified officer instructed Hermanns-Raymond "to get on the ground." *Id.* Hermanns-Raymond complied and dropped to the ground in the fetal position. *Id.*

As Hermanns-Raymond was on the ground, Officer Lewis told him that he was under arrest. *Id.* Officer Lewis proceeded to "punch" and "assault" Hermanns-Raymond "7 to 8 times," while Hermanns-Raymond repeatedly stated that he was complying with the officers' instructions. *Id.* According to Hermanns-Raymond, "at no point during the arrest did [he] pose a threat." *Id.*

By the time Hermanns-Raymond was moved from the ground to an MPD vehicle, he was bleeding from his nose and ears, and he was experiencing pain near his ribs. *Id.* After being taken to the police station, Hermanns-Raymond was

---

[1] Hermanns-Raymond's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

transported to Maui Memorial Hospital.  *Id.*  According to Hermanns-Raymond, he suffered a broken nose and broken ribs during the arrest.  *Id.* at 5.

Hermanns-Raymond commenced this suit on December 28, 2022.  ECF No. 1.  On February 1, 2023, the Court granted Hermanns-Raymond's Application to Proceed In Forma Pauperis, ECF Nos. 4, 5, and, on February 6, 2023, the Court issued an Order Dismissing Prisoner Civil Rights Complaint with Partial Leave to Amend, ECF No. 6.

The Court received the FAC on February 21, 2023.  ECF No. 7.  In the FAC, Hermanns-Raymond alleges that Officer Lewis violated the Fourth Amendment by using excessive force during the September 27, 2022 arrest.  *Id.* at 5–7.  Hermanns-Raymond also asserts that the MPD "is liable for on duty officers & their conduct while action under color of law training, hiring & supervision of officers in charge of arrests & law enforcement."  *Id.* at 7.  Hermanns-Raymond seeks $250,000 from Officer Lewis, $500,000 from the MPD, and for Officer Lewis "to be relieved of his official capacity w/ 10 year TRO with [Hermanns-Raymond]."  *Id.* at 12.

### III.  DISCUSSION

**A.     Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and

4

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that she suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of her rights.

**B.    Excessive Force**

Hermanns-Raymond alleges that Officer Lewis violated the Fourth Amendment by using excessive force during the September 27, 2022 arrest. ECF No. 7 at 5–7.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Supreme Court has held that "*all* claims that law enforcement officers have

used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395.

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *County of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation omitted) (brackets in original). "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

Here, Hermanns-Raymond alleges that he was standing at an intersection in Wailuku when an MPD officer instructed him to "get on the ground." ECF No. 7 at 6. Hermanns-Raymond complied and dropped to the ground in the fetal position. *Id.* After Hermanns-Raymond was on the ground, Officer Lewis told him that he was under arrest, and Officer Lewis proceeded to "punch" and "assault" Hermanns-Raymond "7 to 8 times," despite Hermanns-Raymond repeatedly stating that he was complying with the officers' instructions. *Id.* According to Hermanns-Raymond, "at no point during the arrest did [he] pose a threat." *Id.* Hermanns-Raymond was later taken to a hospital to treat a broken nose and broken ribs. *Id.* Based on these allegations, Hermanns-Raymond states a plausible excessive force claim against Officer Lewis in his individual capacity that may proceed. *See Stroeve v. Lowenthal*, Civ. No. 19-00191 DKW-KJM, 2019 WL 2062946. *3 (D. Haw. May 9, 2019) (concluding that excessive force claim against MPD officer could proceed where officer allegedly beat and suffocated the plaintiff during his arrest, while the plaintiff was handcuffed, kneeling on the ground, and not resisting).

**C.    Official Capacity Claim Against Officer Lewis**

Hermanns-Raymond states that he is also suing Officer Lewis in his official capacity. ECF No. 7 at 2. As the Supreme Court has explained, "official-capacity suits generally represent only another way of pleading an action against an entity

of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. In other words, an "official capacity" claim against Officer Lewis is a claim against the entity that employs him, the MPD. Hermanns-Raymond, however, also names the MPD as a Defendant. ECF No. 7 at 1. Because Hermanns-Raymond's official capacity claim against Officer Lewis is duplicative of his claim against the MPD, it is DISMISSED with prejudice. *See Flores v. City & Cnty. of Honolulu*, Case No. 19-cv-329-DKW-WRP, 2019 WL 5848058, at *2–3 (D. Haw. Nov. 7, 2019) (dismissing as "redundant" claim against officer in his official capacity where municipal defendant was also named).

**D.     Municipal Liability**

Hermanns-Raymond names the MPD as a Defendant. ECF No. 7 at 1. In *Monell*, the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with

8

whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

  Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways. First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action. *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."). In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at 691 (internal quotation marks omitted). Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants. *City of Canton*, 489 U.S. at 388. In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a

9

municipality's employee to commit the constitutional deprivation.  *Id.* at 391; *Monell*, 436 U.S. at 694.

Hermanns-Raymond has not plausibly alleged that Officer Lewis acted pursuant to a policy or a custom of the MPD, or that the MPD failed to train Officer Lewis.  In addition, Hermanns-Raymond has not plausibly alleged that any policy, custom, or failure to train caused Officer Lewis to use excessive force on September 27, 2022.

Hermanns-Raymond's conclusory statement that the MPD is responsible for the "hiring[,] training & supervision of its officers," ECF No. 7 at 2, without more, is not enough.  *See Hyer v. City & Cnty. of Honolulu*, Civ. No. 19-00586 HG-RT, 2021 WL 2172816, at *8 (D. Haw. May 27, 2021) ("Plaintiffs' conclusory allegations that the training was inadequate are insufficient to state a claim. Plaintiffs do not allege how the City and County failed to train its officers, what topics were not covered in the training, how the training was deficient, or how the inadequate training caused the constitutional violation alleged."); *Flores*, 2019 WL 5848058, at *5 ("Because the Complaint boils down to naked assertions that there was something the city could have done to prevent the unfortunate incident or the incident could have been avoided if an [employee] had had better or more training, [the] Complaint says little about the [HPD's] training program or the legal basis for holding [the City & County of Honolulu] liable." (internal quotation marks and

citations omitted) (brackets in original)). Hermanns-Raymond's claim against the MPD is DISMISSED without prejudice.

## IV.  CONCLUSION

(1) Hermanns-Raymond's excessive force claim against Officer Lewis in his individual capacity shall be served as directed below. Officer Lewis is required to file a response after service is effected.

(2) Hermanns-Raymond's remaining claims are DISMISSED for the reasons set forth above. Dismissal of Hermanns-Raymond's claim against the MPD without prejudice does not foreclose Hermanns-Raymond from later filing an amended pleading, subject to the requirements of Federal Rule of Civil Procedure 15 and any applicable orders of this court.

## V.  SERVICE ORDER

(1) The Clerk is directed to send Hermanns-Raymond: two copies of the FAC, ECF No. 7; one completed summons for Officer Lewis; one USM-285 form; two Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398); two Waiver of Service of Summons forms (AO 399); and an instruction sheet.

(2) Hermanns-Raymond shall complete these forms for Officer Lewis, addressed to the Maui County Police Department Administrative Office at 55

Mahalani St., Wailuku, HI 96793, and return the forms to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(3) Upon receipt of the above-completed forms from Hermanns-Raymond, the U.S. Marshal shall mail to Officer Lewis: a copy of the FAC, ECF No. 7; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), without payment of costs. *See* Fed. R. Civ. P. 4(c)(3). The U.S. Marshal shall retain a completed summons and a copy of the FAC, ECF No. 7.

(4) Officer Lewis is directed to return the Waiver of Service forms to the U.S. Marshal, who will file the waiver with the Court. If Officer Lewis does not return a Waiver of Service of Summons form within sixty days from the date that the forms are mailed, the U.S. Marshal shall personally serve Officer Lewis pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). Within ten days after personal service is effected, the U.S. Marshal shall file the return of service for Officer Lewis, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons, the FAC, and for preparing new USM-285 forms, if required.

Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

(5) Alternatively, if Hermanns-Raymond does not wish to use the services of the U.S. Marshal in effecting service of the Summons and FAC, as outlined above, he may serve Officer Lewis on his own according to the procedures set forth in Fed. R. Civ. P. 4.  Hermanns-Raymond is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(6) Once served, Officer Lewis shall file a responsive pleading to the FAC, ECF No. 7, within the time set forth in Federal Rule of Civil Procedure 12.

(7) After the FAC, ECF No. 7, is served and Officer Lewis has filed an answer or responsive pleading, Plaintiff's documents will be deemed served when they are electronically filed by the court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.

(8) Hermanns-Raymond shall immediately notify the Court of any change of address.  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to timely file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(9) The Clerk shall also send a copy of this Order to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(10) Until the FAC, ECF No. 7, is served and Officer Lewis or his attorney(s) file a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the Court.

IT IS SO ORDERED.

DATED: March 1, 2023 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Hermanns-Raymond v. Lewis, et al.*; Civil No. 23-00023 DKW-RT; **ORDER DISMISSING IN PART FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE**