IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND,<br><br>Plaintiff,<br><br>vs.<br><br>JERMAINE LEWIS, et al.,<br><br>Defendants. | CIV. NO. 23-00023 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT RULES AND ORDERS |

**FINDINGS AND RECOMMENDATION TO DISMISS CASE
FOR FAILURE TO COMPLY WITH COURT RULES AND ORDERS**

On January 17, 2023, pro se Plaintiff Rocky Hermanns-Raymond ("Plaintiff") filed a *Prisoner Civil Rights Complaint* ("Complaint") initiating this action.  ECF No. 1.  Plaintiff listed his address as "[Maui Community Correctional Center[,] 600 Waiale [Road,] Wailuku[,] Hawaii 96793[.]"  *Id*. at PageID.1.  Plaintiff attached miscellaneous documents to the *Complaint*.  ECF No. 1-1 at PageID.9-13.  These attached documents included what appears to be partial general instructions for pro se litigants.  *Id*. at PageID.12-13.  These instructions read in pertinent part:

> H.  Change of Address
>
> **You must immediately notify the Clerk of Court and the opposing party or their attorney in writing of any change in your mailing address.**

> **Failure to notify the court of any change in your mailing address may result in dismissal of your case.**

*Id*. at PageID.13 (emphasis added).  By including this, Plaintiff is aware of his obligation to inform the Court of any change in his address and the consequences of his failure to do so.

On February 21, 2023, Plaintiff filed a *First Amended Prisoner Civil Rights Complaint* ("FAC").  ECF No. 7.  In the *FAC*, Plaintiff again listed his address as "[Maui Community Correctional Center,] 600 Waiale [Road,] Wailuku[,] Hawaii 96793[.]"  *Id*. at PageID.43.  On February 27, 2023, Plaintiff filed a *Motion for an Order to Produce Medical Record [and] Police Reports* ("Motion") which listed the same address.  ECF No. 8 at PageID.69.  On February 29, 2023, the Court issued an *Entering Order* ("EO") dismissing the *Motion* without prejudice.  ECF No. 9.  The Court's *Certificate of Service* indicates that Plaintiff was served a copy of the *EO* by "First Class Mail to the addresses of record[.]"  *Id*.

On March 1, 2023, the Court filed an *Order Dismissing in Part [FAC] and Directing Service* ("Order").  ECF No. 10.  The *Order* stated in relevant part:

> (8) **[Plaintiff] shall immediately notify the Court of any change of address.** The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. **Failure to timely file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).**

*Id*. at PageID.85 (emphasis added).  As before, the Court served Plaintiff a copy of the *Order* by First Class Mail to Plaintiff's address of record on March 2, 2023.

On August 31, 2023, Defendant Jermaine Lewis ("Defendant") filed his *Motion to Dismiss First Amended Complaint Filed February 21, 20223 (Dkt.7)* ("Motion to Dismiss") which contends:

> After initiating the litigation, however, **Plaintiff was released from custody and has failed to properly notice any change of address.** This failure violates this Court's rulings, constitutes failure to prosecute the action, makes it impossible for the case to proceed forward, and justifies dismissal of the instant matter under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 41(b).

ECF No. 16-1 at PageID.117 (emphasis added).

In light of the *Motion to Dismiss*, the Court scheduled a Telephone Conference for September 12, 2023. ECF No. 17. Plaintiff failed to appear for the conference. ECF No. 18. The Court issued an *Order to Show Cause Why This Case Should Not Be Dismissed for Plaintiff's: 1) Failure to File a Notice of Change of Address; and 2) Failure to Diligently Prosecute this Action* ("OSC") and ordered Plaintiff to file a written response to the *OSC* by no later than September 22, 2023. *Id*. The Court's minutes also specified:

> Plaintiff is ADVISED that **failure to timely file a response to the OSC shall result in a recommendation to dismiss this action**. Plaintiff is further ADVISED that failure to demonstrate good cause for failing to file a Notice of Change of Address and failing to diligently prosecute this action shall result in a recommendation to dismiss this action.

*Id.* (emphasis added). To date, Plaintiff has failed to file any response to the OSC, and the September 22, 2023 deadline has expired.

Furthermore, to date, there are no docket entries indicating that any documents or orders mailed to Plaintiff have been returned as undeliverable. Nor does the record reflect that Plaintiff filed any document notifying the Court of a change of address.

It is clear that Plaintiff is no longer diligently prosecuting this action. He has failed to notify the Court of a change in his address. He has failed to appear for Court proceedings. ECF No. 18. Plaintiff's last affirmative action in this case was seven months ago when he filed his discovery motion on February 27, 2023. ECF No. 8. He has failed to monitor the Court docket. Finally, he has failed to timely respond to the Court's *OSC*. Given the foregoing, the Court finds that Plaintiff has abandoned his claims such that case-terminating sanctions are appropriate.

## DISCUSSION

Courts do not take failures to comply with Court orders or failures to prosecute lightly. All parties are required to comply with Court rules and orders. "Pro Se litigants shall abide by all local, federal, and other applicable rules and/or statutes." *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR") 81.1(a). "Sanctions, including but not limited to … dismissal with prejudice . . . may be imposed for failure to comply with the Local Rules." *Id.*

The *Federal Rule of Civil Procedure* 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." *Id.* Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *Id.* Rule 41(b) also authorizes the Court to *sua sponte* dismiss actions for failure to prosecute or failure to comply with the federal rules or a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). Here, dismissal is appropriate given Plaintiff's failure to diligently prosecute this action, failure to appear at court proceedings, failure to file a notice of change, failure to file a response to *OSC*, and failure to comply with Court rules and orders. Within this context and after considering the five dismissal factors set forth in *Pagtalunan*[1] the Court finds that these factors weigh in favor of dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 642-43 (9th Cir. 2002).

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. *Id.* at 642 (quoting *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.")

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan,* 291 F.3d at 642 (citation omitted).

(quotations omitted). The Court determines whether delay in a case interferes with the Court's docket management. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). In this case, the Court finds that Plaintiff's inaction for the last seven months has inexcusably delayed these proceedings and substantially interfered with the Courts' ability to manage its docket. Moreover, notwithstanding Plaintiff's inaction, Defendant has attempted to diligently move this case forward by agreeing to waive service and timely filing a *Motion to Dismiss*. ECF Nos. 15 & 16. The Court finds Defendant will suffer prejudice if this case is permitted to unnecessarily languish as a result of Plaintiff's continuing failure to appear or otherwise participate in this action. The lack of availability of less drastic alternatives also supports dismissal because notwithstanding advisories by the Court, Plaintiff has failed to comply with the Court's orders and rules. At this point, there are no indications that Plaintiff will comply in the future.

In particular, Plaintiff's failure to follow the Court's rules and orders requiring him to promptly notify the Court and Defendant of his current address effectively prevents the Court from administering justice and a rightful decision based on the merits of this case. *Pagtalunan,* 291 F.3d at 642. The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because four factors favor dismissal, the public policy favoring disposition on the merits is outweighed. Given the totality of

circumstances, the Court concludes that Plaintiff has abandoned his claims and thus, is left with no choice but to dismiss this action.

## CONCLUSION

Accordingly, this Court **FINDS AND RECOMMENDS** that the district court dismiss this case without prejudice based upon:

1. Plaintiff's failure to diligently prosecute this action;

2. Plaintiff's failure to appear for Court proceedings;

3. Plaintiffs failure to notify the Court of a change in his address;

4. Plaintiff's failure to monitor the Court docket;

5. Plaintiff's failure to timely respond to the Court's *OSC*; and

6. Plaintiff's failure to comply with court rules and orders.

The Court directs the Clerk's Office to transmit a copy of this Findings and Recommendations to Plaintiff Rocky Hermanns-Raymond at his last known address by U.S. mail.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 2, 2023.



Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 23-00023 DKW-RT; *Rocky Hermanns-Raymond v. Jermaine Lewis*; Findings and Recommendation to Dismiss Case for Failure to Comply with Court Rules and Orders